IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOHNNIE LOCKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-058 |
| ) | |
| RONNIE LAWRENCE, Deputy Warden at ) | |
| Johnson State Prison; JACKIE MORGAN, ) | |
| Deputy Warden at Johnson State Prison; ) | |
| F/N/U BUTTS, Unit Manager at Johnson ) | |
| State Prison; F/N/U JEFFERSON, Captain ) | |
| at Johnson State Prison; and ) | |
| F/N/U STEWART, Lieutenant at Johnson ) | |
| State Prison, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Coffee Correctional Facility in Nicholls, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on January 25, 2010, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 9). Plaintiff has submitted an amended complaint, (doc. no. 10), and it is this document that the Court will now screen.

## I. SCREENING OF COMPLAINT

Liberally construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names as Defendants: (1) Ronnie Lawrence, Deputy Warden at JSP; (2) Jackie Morgan, Deputy Warden at JSP; (3) FNU Butts, Unit Manager at JSP; (4) FNU Jefferson, Captain at JSP; and (5) FNU Stewart, Lieutenant at JSP.

In his amended complaint, Plaintiff alleges that he was sexually assaulted by his cell-mate. (Doc. no. 10, p. 3). Plaintiff claims that one month prior to the alleged assault, some time in September, 2008, his cell-mate circulated word through the prison that he would make Plaintiff "his boy." (Id.). Plaintiff explains that making someone their "boy [is] a term used by inmates when they have intention of sexually assaulting other inmates." (Id.). Plaintiff claims that when he learned of his cell-mate's alleged intentions, he asked to be removed from the cell. (Id.). Plaintiff does not indicate to whom he made such request. He does, however, state that he did not receive any response from any of "these officials, Defendants." (Id.).

According to Plaintiff, his cell-mate followed through with his stated intentions one month later and assaulted Plaintiff. (Id.). Plaintiff states that he reported the assault to the counselor of the E-1 dormitory, who then reported the assault to Defendants Morgan and Butts. (Id.). Plaintiff was removed from the cell. (Id.).

2

Plaintiff states that he was told by the counselor of the D-2 dormitory that Defendants Lawrence, Butts, and Stewart stated that it would be Plaintiff's word against his cell-mate's word and that there would be no further investigation into the alleged assault. (Id.). Plaintiff then contends that on November 5, 2008, Defendants Lawerence and Jefferson received a report from the "Atlanta Sexual Hotline." (Id.). Plaintiff further contends that an investigation did in fact occur regarding the alleged assault. (Id.). Additionally, Plaintiff states that he was then transferred to Dooly State Prison, but had no knowledge of the results of the investigation. (Id. at 4). Plaintiff claims that as a result of the assault, he has suffered anger, anguish, embarrassment, defamation of character, mental stress, and mental anguish. (Id.). As such, he seeks damages in the amount of $3,000,000.00 from each Defendant. (Id.).

## II. DISCUSSION

A review of Plaintiff's amended complaint establishes that Plaintiff did not correct the pleading deficiency noted by the Court; in fact, Plaintiff's amended complaint is virtually identical to his original complaint. Therefore, Plaintiff again has not alleged an affirmative causal connection between the actions taken by Defendants and the constitutional deprivation.

More specifically, the Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement. Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654

F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). However, in order to state a viable claim concerning a constitutional right to be protected from violence and from physical assault by other inmates, the Eleventh Circuit requires, among other things, that Defendants have knowledge of a particular threat or fear felt by the plaintiff. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (noting that an Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk). Furthermore, "merely negligent failure to protect an inmate from attack does not justify liability under § 1983." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir .1990). Stated another way, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer, 511 U.S. at 838.

As previously noted by the Court, although Plaintiff states that he asked to be removed from his cell, he does not give any indication that any of the named Defendants were subjectively aware of his situation or his request. Additionally, Plaintiff does not provide what he notified the "Defendants" nor that the "Defendants" notified were in a position to grant Plaintiff his sought-after relief. Indeed, the mere allegation that Plaintiff told various prison "officials" that his cell-mate had threatened him is insufficient to show deliberate indifference. "[T]hreats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996). Notably, Plaintiff has not articulated any other

4

reason for prison officials to be concerned about an assault, such as previous altercations between Plaintiff and his cell-mate, or any history of of the cell-mate actually assaulting other inmates. It should also be recognized that inmate allegations regarding threats are often simply ploys to "arrange a room move." Pagels v. Morrison, 335 F.3d 736, 741 (8th Cir. 2003).

Additionally, it should be noted that, once Defendants Morgan and Butts were notified by the E-1 dormitory counselor of the alleged assault, Plaintiff was removed from the cell. (Doc. no. 10, p. 3). Furthermore, once Defendants Lawrence and Jefferson received the "Atlanta Sexual Hotline Report," an investigation of the alleged assault ensued.

Lastly, to the extent Plaintiff attempts to raise state claims against Defendants, these claims also fail. Because Plaintiff has failed to state any viable federal claims against Defendants, his remaining potential state law claims should also be dismissed because the Court lacks jurisdiction to entertain these claims. This Court derives its authority to decide Plaintiff's claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

Simply put, even *liberally* construing Plaintiff's amended complaint, he has not alleged sufficient information to show that he is entitled to relief. Therefore, the above-captioned complaint should be dismissed for failure to state a claim upon which relief may be granted, and Plaintiff's state law claims should be dismissed without prejudice.

6

## III. CONCLUSION

For the reasons set for above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of March, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE