ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2010 JUN 11 P 3:08
CLERK

| | |
|---|---|
| JOHNNIE LOCKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 309-058 |
| ) | |
| RONNIE LAWRENCE, Deputy Warden at ) | |
| Johnson State Prison; JACKIE MORGAN, ) | |
| Deputy Warden at Johnson State Prison; ) | |
| F/N/U BUTTS, Unit Manager at Johnson ) | |
| State Prison; F/N/U JEFFERSON, Captain ) | |
| at Johnson State Prison; and ) | |
| F/N/U STEWART, Lieutenant at Johnson ) | |
| State Prison, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended dismissal of Plaintiff's amended complaint without prejudice for his failure to state a claim pursuant to 42 U.S.C. § 1983.[1] (Doc. no. 11.) The Magistrate Judge explained that the crux of Plaintiff's amended complaint, was that he was sexually assaulted by his cell-mate. (Doc. no. 11, p. 2.) The Magistrate Judge further explained that in order to state a viable claim concerning the constitutional right to be protected from violence and from physical assault by other inmates, the Eleventh Circuit requires, among other things,

---

[1] Consequently, the Magistrate Judge also recommended dismissal of Plaintiff's state law claims. (Id.)

that Defendants have knowledge of a particular threat or fear felt by the plaintiff. (Id. (citing Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003))). Notably, however, because Plaintiff did not allege that any of the named Defendants had knowledge of any threat, the Magistrate Judge concluded that Plaintiff had failed to state a viable Eighth Amendment claim. (Id. at 4-5.)

In his objections, Plaintiff argues that contrary to the Magistrate Judge's findings, he did state a viable Eighth Amendment claim. (Doc. no. 13.) Plaintiff's objections, however, miss the mark. Plaintiff maintains that because courts have held that sexual abuse by another inmate violates that inmate's constitutional rights, he did state a viable Eighth Amendment claim. (Id. at 1-3.) The Court agrees that a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*). However, the Magistrate Judge did not recommend dismissal of Plaintiff's case because a sexual assault by a prisoner does not rise to the level of a constitutional violation. Rather, the Magistrate Judge found that Plaintiff failed to allege that any of the named Defendants had knowledge of any threat that Plaintiff's cell-mate intended to sexually assault him. Stated otherwise, the assault alone does not equal a constitutional violation, Plaintiff must allege that Defendants had knowledge of that threat.

Furthermore, although for the first time, Plaintiff mentions in his objections that he informed his assigned counselor Ms. K. Coleman of the threats, the new information does not impact the Magistrate Judge's analysis. Ms. Coleman is not a named defendant in this case; thus, Plaintiff still fails to allege that any named Defendants had knowledge of a threat

2

that his cell-mate intended to sexually assault him.[2]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's amended complaint is **DISMISSED** for failure to state a claim upon which relief may be granted, his state law claims are **DISMISSED** without prejudice, and this case is **CLOSED**.

SO ORDERED this 11th day of June, 2010, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[2]The Court is also aware that in his objections, Plaintiff requests that counsel be appointed to help him prosecute his case, or in the alternative, that the case be stayed until he has the opportunity to retain counsel. (Doc. no. 13, p. 2.) However, as a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).

Plaintiff states that he is at a disadvantage because he is *pro se* and is incarcerated. Notably, these allegations do not change the fact that this is a straightforward Eighth Amendment case concerning Plaintiff's safety. Further, based on Plaintiff's filings with the Court to date, it is evident that he is able to communicate with the Court. Accordingly, Plaintiff's request for the appointment of counsel is denied.

3